IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GRAYLING R. DAVIS, | § | |
| | § | No. 105, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2201010081 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 8, 2026
Decided: July 17, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) On October 5, 2022, Grayling R. Davis pleaded guilty to reckless driving (drug related) as a lesser-included offense of driving under the influence, criminal mischief under $1,000, and improper lane change. The Superior Court sentenced Davis as follows: (i) for reckless driving, thirty days of Level V incarceration, suspended for one year of Level III probation; (ii) for criminal mischief, thirty days of Level V incarceration, suspended for one year of Level III probation; and (iii) for improper lane change, a $25 fine. The sentencing order also provided for the Treatment Access Center ("TASC") to evaluate and monitor Davis.

The court later modified the sentencing order to require Davis to pay $2,480 in restitution to one of the victims.

(2) On September 5, 2023, the Superior Court approved DOC's request that Davis's probation be deferred while he served a Level V sentence for a violation of probation ("VOP") in Criminal ID No. 1811010237. Davis began serving his probation sentence on August 22, 2024. In November 2024, an administrative warrant was returned for Davis's VOP. The probation officer's report alleged that Davis had violated his probation by failing to report to TASC three times in October, testing positive for cocaine in September, October, and November, admitting to cocaine use in November, and failing to comply with his drug treatment plan.

(3) A VOP hearing was scheduled for December 19, 2024, but Davis failed to appear. A capias was issued and returned on January 29, 2025. After a VOP hearing on February 7, 2025, the Superior Court found that Davis had violated his probation. The Superior Court sentenced Davis as follows: (i) for reckless driving, thirty days of Level V incarceration, with credit for eighteen days previously served, followed by five years of Level I restitution-only probation; and (ii) for criminal mischief, thirty days of Level V incarceration. This appeal followed.

(4) On appeal, Davis argues that: (i) the Superior Court erred in denying his request for VOP hearing transcripts at State expense; (ii) his VOP counsel was ineffective; (iii) the Superior Court failed to send notice of the VOP hearing date to

2

the correct address; (iv) the Department of Correction ("DOC") failed to manage his probation properly; and (v) the Superior Court over-sentenced him.

(5) Davis's claim concerning the VOP transcripts relates to his VOP in Criminal ID No. 1811010237, which is the subject of a separate appeal.[1] The court granted Davis's request for a transcript at State expense in the case underlying this appeal. Similarly, Davis's allegations of ineffective assistance relate to his VOP counsel for Criminal ID No. 1811010237, not his counsel for the VOP underlying this appeal. His claims concerning the management of his probation also relate to Criminal ID No. 1811010237, not this case.

(6) Davis did not argue in the Superior Court that the notice for the VOP hearing was sent to the wrong address, so we review that claim for plain error.[2] Plain error "is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[3] Assuming Davis failed to appear for the December 19, 2024 VOP hearing because the notice was sent to the wrong address, there is no indication that Davis's failure to appear for that hearing affected either the Superior Court's finding of a violation

---

[1] *Davis v. State*, No. 104, 2025.

[2] Supr. Ct. R. 8.

[3] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

or the sentence that the court imposed at the February 7, 2025 hearing. Davis has not shown plain error.

(7) Finally, Davis argues that the Superior Court over-sentenced him for his VOP. Davis's admission at the hearing that he violated his probation by testing positive for cocaine was sufficient to justify the Superior Court's revocation of his probation.[4] This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[5] When the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[6] Once Davis committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on his sentence.[7]

(8) The Level V time imposed by the Superior Court for Davis's VOP did not exceed the Level V time remaining on his sentence. The State concedes, however, that the five years of Level I probation for reckless driving exceeded the

---

[4] *See, e.g., Powel v. State*, 314 A.3d 664, 2024 WL 707190, at *2 (Del. Feb. 20, 2024) (TABLE) (holding that a defendant's admissions at the VOP hearing constituted sufficient competent evidence of a VOP).

[5] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

[6] *Id.*

[7] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

4

time permitted by 16 *Del. C.* § 4333(f).[8]  We therefore affirm the Superior Court's finding of a violation and imposition of Level V time, but remand for the Superior Court to correct the probationary portion of the sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED, and Gray's sentence is REMANDED for correction of the probationary term.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[8] The sentence for a first reckless-driving offense is ten to thirty days of imprisonment.  16 *Del. C.* § 4175(c).  Under 11 *Del. C.* § 4333(f), "in no event shall the total period of probation or suspension of sentence exceed the maximum term of commitment provided by law for the offense or 1 year, whichever is greater."